DAVIS, Respondent, vs. WILLIAMS and wife, imp., Appellants.

*March 12—March 30, 1909.*

*Mortgages: Leasehold interest: Foreclosure: Purchasers assuming mortgage.*

As against purchasers of a leasehold and attached buildings and machinery who agreed to assume and pay a mortgage thereon as part of the purchase price, the property may, on foreclosure, be charged with the amount of the debt and its sale ordered in case of nonpayment.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge.   *Affirmed.*

Action to foreclose mortgage given by C. C. Fritz August 18, 1894, to secure the payment of $750, covering all right and interest under a twenty-year lease of a specific tract of land, together with certain personal property and mill machinery, same to be removed and placed in the mortgagor's proposed mill which was to be erected on the land above mentioned; the mortgage also to cover all erections, additions, appliances, machinery, tools, and implements at any time connected with the mill to be so erected; the mortgage reciting that said personal property, which consisted of the boiler, engine, and machinery constituting a sawmill belonging to the

mortgagee, had been sold to the mortgagor to be removed from its former location by the latter, and that the purchase price thereof constituted the consideration for the mortgage.

Upon the trial it appeared that said mill machinery and appliances were so removed, and, with some additional machinery and appliances, placed in a mill upon the leasehold premises, which, by the way, were held under a twenty-year lease at annual rental. Most of the machinery was of a permanent character and firmly attached either to the ground, or to the mill structure. About two years afterward the mill building was destroyed by fire, leaving much of the fixed machinery suitable for use, although some of it was destroyed or ruined. A new building was constructed about it and some new machinery put in, and the premises continued to be occupied as a mill by Fritz under an agreement with plaintiff that, in consideration of forbearance and of a deduction of $50 from the mortgage debt, all such new structures and machinery should be subject to his mortgage. In 1898 the mill property was sold by Fritz to the appellants *Williams*, which conveyance, as the court finds, was made with full knowledge on the part of appellants of the existence of said mortgage, and that they agreed to pay the same as part of the purchase price of said property. The conveyance from Fritz to *Williams* was accomplished by bill of sale describing all personal property, machinery, and buildings and by manual delivery to the latter of the lease and by surrender of possession, all as one transaction. Plaintiff, soon after its execution, recorded his mortgage with the register of deeds and also filed it as a chattel mortgage with the proper town clerk, but failed to continue it by affidavits, so that as a chattel mortgage it had suffered the expiration of validity resulting from such failure.

The court rendered judgment of foreclosure and sale of said leasehold interest in the real estate and the machinery and buildings thereon in the usual form of real-estate mortgages,

but denied any personal judgment for deficiency. From such judgment the defendants *Williams* appeal.

For the appellants there was a brief by *Olen & Olen,* and oral argument by *O. L. Olen.*

For the respondent there was a brief by *Eberlein & Eberlein,* and oral argument by *F. A. Eberlein.*

DODGE, J.   Examination of the evidence discloses abundant support for the finding that appellants purchased the leasehold interest and the machinery and buildings attached thereto, not only with full knowledge of plaintiff's mortgage, but under an agreement to assume and pay the same as part of the purchase price.   This fact completely answers and disposes of all appellants' objections to the judgment charging the property in their hands with the amount of that debt and ordering a sale thereof in case they do not pay it.

*By the Court.*—Judgment affirmed.